For State: Attorney General.

For defendant: Wm. G. Troy.

State
vs.                    Ind. No. 16149.
William V. Hudson

June 6, 1932.

O'CONNELL, J. This case comes before the Court on the defendant's motion for a new trial. The defendant was indicted and convicted on a charge of burglary.

The main contention raised at the hearing on the motion for a new trial was that the State had failed to prove that the breaking and entering alleged in the indictment had occurred in the night-time so as to make the offense burglary.

The Court is of the opinion that the verdict was fully justified by the evidence. It is well settled that the time of the offense may be proved by circumstantial evidence. The Court was not impressed with the defendant's explanation of his possession of the stolen goods, and it is evident that the jury did not believe his story.

The indictment alleged the burglary of a dwelling house owned and occupied by Christopher F. Walsh and located at 14 Carpenter street in the Town of Lincoln. The date of the alleged break was August 12, 1931. The evidence relied upon by the State was briefly as follows: Mr. and Mrs. Walsh left their home for a short vacation on August 7, 1931. The house was locked at the time. They returned on August 14, 1931, and found their house had been ransacked and many articles of value, including three clocks, had been stolen. Investigation by the police resulted in the finding of practically all of the stolen property in the possession of the defendant on August 21, 1931. Evidence was also offered at the trial to the effect that the defendant, on the 12th day of August, 1931, after dark, was at a house next to that of Mr. Walsh, and was inquiring for him. The next morning, the defendant pawned one of the missing clocks in Pawtucket.

The defendant testified in his own behalf. He claimed he was sick and confined to his home at all times between August 9, 1931, and the morning of August 14, 1931, except for a trip he made to a chain store in Pawtucket on August 13, 1931. He denied being on Carpenter street on the evening of August 12, 1931, but claimed he was there and talked to Miss Cummings, the State's witness, on August 14, 1931. He attempted to explain his possession of the stolen property as the result of a purchase by him, and offered a purported bill of sale for the inspection of the jury. The stolen property included silverware, wearing apparel, curtains, doilies, clocks, etc. The property recovered was clearly the property of Mr. and Mrs. Walsh.

The possession of recently stolen goods was a proper fact to be considered by the jury, and if not satisfactorily explained, and if a breaking and entry by someone was shown, when accompanied by other circumstances tending to connect the defendant with the commission of the offense, was sufficient to warrant the conviction.

9 Corpus Juris, 1082, Sec. 144.

Taking the evidence as a whole, considering the testimony that the defendant was in the vicinity of the house which was broken into, on the evening of August 12, 1931, and the fact that he pawned one of the stolen clocks on the following morning, although he claimed that he was confined to his house because of sickness until the morning of August 14, except for a trip he made to a chain store in Pawtucket

on August 13, 1931, the Court believes that the jury was warranted in finding that the break was made in the night-time on August 12, 1931.

If he pawned the stolen clock on August 13, 1931, as the pawnbroker's records indicated, his story that he did not purchase the stolen articles until after he left his home on August 14, could not have been true. The jury was justified in disbelieving the rest of his explanation likewise.

The Court sees no reason to disturb the verdict of the jury and the defendant's motion for a new trial is therefore denied.

For State: Attorney General.

For defendant: Robert P. Brown.